1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

                                ----oo0oo----

11

12   DAVINA L. MOORE, an              CIV. NO. 2:16-566 WBS CKD
     individual,

13
                  Plaintiff,          MEMORANDUM AND ORDER RE: MOTION
14                                    TO REMAND; MOTION TO DISMISS
          v.
15
     WELLS FARGO BANK, NATIONAL
16   ASSOCIATION; BARRETT DAFFIN
     FRAPPIER TREDER & WEISS, LLP;
17   and DOES 1 through 20,
     inclusive,
18
                  Defendants.
19

20                              ----oo0oo----

21          Plaintiff Davina L. Moore filed this action in the

22   Superior Court of California, County of Yuba against defendants

23   Wells Fargo Bank, National Association ("Wells Fargo") and

24   Barrett Daffin Frappier Treder & Weiss, LLP ("Barrett"), alleging

25   wrongful foreclosure under California state law.  Defendants

26   removed the case to this court on the basis of diversity

27   jurisdiction.  See 28 U.S.C. §§ 1332, 1441(b).  Wells Fargo now

28   moves to dismiss plaintiff's Complaint for failure to state a

                                     1

1    claim upon which relief can be granted pursuant to Federal Rule

2    of Civil Procedure 12(b)(6), (Docket No. 5), and Barrett has

3    filed a joinder to that motion, (Docket No. 6).  Plaintiff moves

4    to remand this case to state court for lack of complete diversity

5    pursuant to 28 U.S.C. § 1447(c).  (Docket No. 10.)  For the

6    reasons explained below, the court grants plaintiff's motion to

7    remand.  Because this Order remands the case to state court, the

8    Order does not reach the merits of defendants' motion to dismiss.

9    I.   Factual and Procedural Background

10        In May 2007, plaintiff obtained a loan from World

11   Savings Bank, FSB, which was secured by a Deed of Trust on real

12   property located at 7599 State Highway 70, Marysville, California

13   95901 (the "Property").  (Notice of Removal ("NOR") Ex. A

14   ("Compl.") ¶ 16 (Docket No. 1).)  The Deed of Trust was recorded

15   in the Yuba County Recorder's Office and identified plaintiff as

16   the borrower, World Savings Bank, FSB as the lender, and Golden

17   West Savings Association Service Co. ("Golden West") as the

18   trustee.  (Compl. Ex. A.)  In November 2009, through a series of

19   name changes and mergers, Wells Fargo became the successor in

20   interest to World Savings Bank, FSB.  (See NOR Ex. D.)  In

21   October 2015, Barrett became the substitute trustee under the

22   Deed of Trust.  (Suppl. to NOR Ex. B ¶ 2 (Docket No. 18).)

23        In November 2015, Barrett, as trustee for Wells Fargo,

24   recorded a Notice of Default and Election to Sell Under the Deed

25   of Trust against plaintiff's Property.  (Compl. Ex. B.)  The

26   Notice of Default contained a declaration of compliance allegedly

27   signed by a VP Loan Documentation agent of Wells Fargo and

28   certified that Wells Fargo "exercised due diligence to contact

2

1  the borrower pursuant to California Civil Code § 2923.55(f) to

2  'assess the borrower's financial situation and explore options

3  for the borrower to avoid foreclosure.'" (Id. at 4.)  Plaintiff

4  claims that this declaration is false because Wells Fargo did not

5  consider plaintiff's complete loan modification application that

6  plaintiff submitted earlier that year.  (See Compl. ¶¶ 17-19.)

7       Plaintiff commenced this action in the Superior Court

8  on February 11, 2016, alleging that defendants engaged in unfair

9  business practices and wrongfully instituted foreclosure

10 proceedings on the Property in violation of California's

11 Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2923.55,

12 2923.6, 2923.7, 2924.12, and California's Unfair Competition Law

13 ("UCL"), Cal. Bus. & Prof. Code § 17200.  (Id. ¶¶ 17-51.)

14 Defendants removed the action to this court on March 17, 2016.

15      A "federal court generally may not rule on the merits

16 of a case without first determining that it has jurisdiction over

17 the category of claim in suit (subject-matter jurisdiction)."

18 Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S.

19 422, 430-31 (2007).  The court therefore addresses plaintiff's

20 motion to remand first.[1]

21 II.  Analysis

22      "[A]ny civil action brought in a State court of which

23 the district courts of the United States have original

24 _____

25      [1]  Only Wells Fargo filed an opposition to plaintiff's
   motion to remand.  (Opp'n (Docket No. 19).)  Barrett did not file
26 an opposition or statement of non-opposition to plaintiff's
   motion to remand as required by Local Rule 230(c).  In Barrett's
27 joinder to Wells Fargo's motion to dismiss, however, Barrett
   advances the same arguments that are raised in Wells Fargo's
28 opposition to plaintiff's remand motion.  (Docket No. 6.)

1  jurisdiction, may be removed by the defendant or the defendants,

2  to the district court of the United States for the district"

3  where the action is pending.  28 U.S.C. § 1441(a).  If it appears

4  that the court lacks jurisdiction, it must remand the case.  Id.

5  § 1447(c).  There is a "strong presumption" against removal and

6  "the defendant always has the burden of establishing that removal

7  is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.

8  1992).  The removal statute is strictly construed and doubts

9  regarding the court's jurisdiction are resolved in favor of

10  remand.  Luther v. Countrywide Home Loans S, LP, 533 F.3d 1031,

11  1034 (9th Cir. 2008).

12      Title 28 U.S.C. § 1332 confers original jurisdiction on

13  federal courts "over suits for more than $75,000 where the

14  citizenship of each plaintiff is different from that of each

15  defendant."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043

16  (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).  Complete diversity

17  must exist at the time of removal.  Newcombe v. Adolf Coors Co.,

18  157 F.3d 686, 690 (9th Cir. 1998).  Plaintiff argues here that

19  this case should be remanded because complete diversity of

20  citizenship is lacking.  (Mot. at 4-10 (Docket No. 10).)

21      A.   Plaintiff's Citizenship

22      The parties do not dispute that plaintiff is a citizen

23  of California.  However, the "fact that none of the parties

24  contests the district court's jurisdiction does not [relieve the

25  court of its] responsibility to determine whether [its] exercise

26  of jurisdiction [is] proper."  Morongo Band of Mission Indians v.

27  Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir.

28  1988); see also id. ("The parties have no power to confer

4

1  jurisdiction on the district court by agreement or consent.").

2       A natural person's citizenship is determined by the

3  person's "state of domicile."  Kanter v. Warner-Lambert Co., 265

4  F.3d 853, 857 (9th Cir. 2001).  A person is domiciled in the

5  state "where he or she has established a fixed habitation or

6  abode" and intends to remain indefinitely.  Lew v. Moss, 797 F.2d

7  747, 749-50 (9th Cir. 1986) (citations omitted).  Factors

8  relevant to this determination include where the person resides,

9  owns real property, and pays taxes.  Id. at 750.

10       Plaintiff has owned the Property located in Yuba

11  County, California since 2007 and currently resides there.

12  (Compl. ¶ 1.)  Her ownership indicates that she has paid property

13  taxes on the Property to the State of California since 2007.

14  Plaintiff also alleges that she has been attempting to obtain a

15  first lien loan modification from Wells Fargo under HBOR.  (Id.

16  ¶¶ 14-18.)[2]  HBOR provides that a first lien loan modification

17  applies to "owner-occupied residential real property" that "is

18  the principal residence of the borrower."  Cal. Civ. Code

19  § 2924.15(a).  The foregoing facts demonstrate that plaintiff is

20  a California citizen for diversity purposes here.

21       B.   Wells Fargo's Citizenship

22       Though the original lender under plaintiff's loan

23  merged with Wells Fargo, the court considers Wells Fargo's

24  citizenship because it is the surviving entity from that merger.

25  Meadows v. Bicrodyne Corp., 785 F.2d 670, 672 (9th Cir. 1986)

26

27       [2]   "'First lien' means the most senior mortgage or deed of
   trust on the property that is the subject of the notice of
28  default or notice of sale."  Cal. Civ. Code § 2920.5(d).

1   (holding that only the citizenship of the surviving entity after

2   a merger is considered for diversity purposes).  Plaintiff argues

3   that Wells Fargo is a California citizen because its headquarters

4   are located in San Francisco, California.  (Mot. at 9.)  There is

5   no evidence here that Wells Fargo is headquartered in California.

6   Rather, Wells Fargo is a national bank, which is a corporate

7   entity "chartered not by any State, but by the Comptroller of the

8   Currency of the U.S. Treasury."  <u>Wachovia Bank v. Schmidt</u>, 546

9   U.S. 303, 306 (2006).

10          Unlike state-chartered banks or other corporations

11   whose citizenship is governed by 28 U.S.C. § 1332, a national

12   bank's citizenship for diversity purposes is "the State

13   designated in its articles of association as its main office."

14   <u>Id.</u> at 318.  A national bank "is a citizen <u>only</u> of the state in

15   which its main office is located."  <u>Rouse v. Wachovia Mortgage,</u>

16   <u>FSB</u>, 747 F.3d 707, 715 (9th Cir. 2014) (emphasis added).  Wells

17   Fargo's articles of association state that its main office is

18   located in Sioux Falls, South Dakota.  (NOR Ex. D).  Accordingly,

19   Wells Fargo is a South Dakota citizen for diversity purposes.

20   <u>See Rouse</u>, 747 F.3d at 715 (concluding that "Wells Fargo is a

21   citizen only of South Dakota, where its main office is located").

22          C.   <u>Barrett's Citizenship</u>

23          Barrett is a Texas limited liability partnership

24   ("LLP") with partners located in California.  (NOR at 4.)  In

25   Texas, a LLP is an optional registration made by an underlying,

26   pre-existing partnership.  <u>See</u> Tex. Bus. Orgs. Code Ann.

27   §§ 152.801-.806, 153.351-.353.  A Texas LLP is therefore treated

28   like a partnership for diversity purposes.  A partnership is a

1   citizen of every state "of which any of its partners is a

2   citizen."  Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S.

3   567, 569 (2004).  Since at least one of Barrett's partners is a

4   California citizen, Barrett is a California citizen for diversity

5   purposes.

6           There is thus a lack of complete diversity between

7   plaintiff and Barrett here.  Wells Fargo argues that the court

8   should disregard Barrett's citizenship for diversity purposes

9   because (1) Barrett is a nominal defendant, and (2) Barrett was

10  fraudulently joined.

11               1.   Nominal Party

12          "[A] federal court must disregard nominal or formal

13  parties and rest jurisdiction only upon the citizenship of real

14  parties to the controversy."  Navarro Sav. Ass'n v. Lee, 446 U.S.

15  458, 461 (1980).  A nominal defendant is one "who holds the

16  subject matter of the litigation in a subordinate or possessory

17  capacity as to which there is no dispute."  SEC v. Colello, 139

18  F.3d 674, 676 (9th Cir. 1998) (internal quotation marks omitted).

19  Wells Fargo argues that Barrett is a nominal defendant because

20  Barrett has "no financial interest in the Property" and its only

21  involvement in the foreclosure proceedings is "strictly within

22  its ministerial role as the Substitute Trustee under the Deed of

23  Trust."  (NOR at 4.)  As evidence of this, Wells Fargo points to

24  the Declaration of Non-Monetary Status ("DNS") that Barrett had

25  filed in state court prior to this action's removal.  (Opp'n at

26  4; see Suppl. to NOR Exs. A-B.)

27          California Civil Code section 2924*l* permits a trustee

28  to file a DNS if it is named in a state-court action "solely in

7

1  its capacity as trustee, and not arising out of any wrongful acts

2  or omissions on its part in the performance of its duties as

3  trustee." Cal. Civ. Code § 2924*l*(a). If a plaintiff does not

4  object to the trustee's DNS within fifteen days of service, the

5  trustee becomes a nominal party in the action. Id. § 2924*l*(d).

6  If the case is then removed to federal court, the district court

7  "treat[s] the trustee as a nominal party and disregard[s] its

8  citizenship for diversity purposes." Lawrence v. Aurora Loan

9  Servs. LLC, Civ. No. 1:09-1598 LJO DLB, 2010 WL 449734, at *4

10  (E.D. Cal. Feb. 8, 2010). A trustee does not become a nominal

11  party, however, "when the case is removed to federal court before

12  the fifteen-day objection period has expired." Jenkins v. Bank

13  of Am., N.A., Civ. No. 14-4545 MMM JCX, 2015 WL 331114, at *8

14  (C.D. Cal. Jan. 26, 2015) (collecting cases). "[N]onmonetary

15  status may not be granted in federal court." Tran v. Wash. Mut.

16  Bank, Civ. No. S-09-3277 LKK DAD, 2010 WL 520878, at *1 (E.D.

17  Cal. Feb. 11, 2010).

18       Plaintiff was served with Barrett's DNS on March 11,

19  2016 and defendants removed this case on March 17, 2016, six days

20  later. (See NOR; Suppl. to NOR Ex. B at 4-5.) Because this case

21  was removed before the fifteen-day objection period had passed,

22  Barrett did not obtain nominal party status at the time of

23  removal. Wells Fargo's argument that Barrett is a nominal

24  defendant because plaintiff failed to object to Barrett's DNS

25  within fifteen days therefore fails. (Opp'n at 4); e.g., Moore

26  v. Wells Fargo Bank, N.A., Civ. No. 2:12-2125 LKK EFB PS, 2012 WL

27  4433323, *3 (E.D. Cal. Sept. 24, 2012) (holding that the trustee

28  was not a nominal party where "the 15 day objection period did

1  not run" before the action was removed); accord Boggs v. Wells

2  Fargo Bank NA, Civ. No. C-11-2346 SBA, 2012 WL 2357428, at *3

3  (N.D. Cal. June 14, 2012) (trustee was not a nominal party where

4  defendants removed the action fourteen days after the trustee's

5  DNS was filed); Sun v. Bank of Am. Corp., Civ. No. SA-10-4 AG

6  MLGX, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010) (trustee was

7  not a nominal party where defendants removed the action thirteen

8  days after the trustee's DNS was filed).

9      Wells Fargo cites four cases in arguing that "[a]

10 plaintiff's failure to object to the Trustee's [DNS] 'transforms

11 the Trustee into a nominal party whose citizenship is disregarded

12 for purposes of assessing diversity jurisdiction.'" (Opp'n at

13 4.)  Three of those cases are distinguishable and the fourth

14 actually supports the conclusion that Barrett is not a nominal

15 party here.  The first case, Navarro Savings Ass'n v. Lee, 446

16 U.S. 458 (1980), is distinguishable because it involves the

17 individual trustees of a business trust that was organized under

18 Massachusetts law.  Id. at 461-66 (holding that the individual

19 trustees could file suit in their own names); see Americold

20 Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (2016)

21 (stating that Navarro had nothing to do with the citizenship of a

22 trust, but rather "reaffirmed a separate rule that when a trustee

23 files a lawsuit in her name, her jurisdictional citizenship is

24 the State to which she belongs--as is true of any natural

25 person").

26     The second case, Smith v. Bank of America, N.A., Civ.

27 No. 1:11-141 OWW SMS, 2011 WL 1332035 (E.D. Cal. Apr. 6, 2011),

28 was not removed based on diversity jurisdiction and the court

1   there remanded the case after the plaintiffs dismissed their

2   federal claims.  Id. at *2.  In the third case, Cabriales v.

3   Aurora Loan Services, Civ. No. C-10-161 MEJ, 2010 WL 761081 (N.D.

4   Cal. Mar. 2, 2010), the court held that the trustee was a nominal

5   party because, unlike here, it filed its DNS in state court more

6   than fifteen days before the action was removed.  Id. at *1-2.

7   The fourth case on which Wells Fargo relies, Silva v. Wells Fargo

8   Bank NA, Civ. No. 11-3200 GAF JCGX, 2011 WL 2437514 (C.D. Cal.

9   June 16, 2011), involves analogous circumstances to those here.

10  In Silva, the court remanded the case after finding that the non-

11  diverse trustee defendant was not a nominal party because the

12  defendants removed the action before the fifteen-day objection

13  period to the trustee's DNS had expired.  Id. at *4.

14         Wells Fargo further argues that Barrett is a nominal

15  party because its only involvement in this matter is its narrow

16  role in preparing for and conducting the trustee's sale.  (Opp'n

17  at 5.)  The court acknowledges that, under California law, a

18  "trustee in nonjudicial foreclosure is not a true trustee with

19  fiduciary duties, but rather a common agent for the trustor and

20  beneficiary" responsible for ministerial acts that result in the

21  transfer of title after the trustee's sale.  Pro Value

22  Properties, Inc. v. Quality Loan Serv. Corp., 170 Cal. App. 4th

23  579, 583 (2d Dist. 2009) (citation omitted).  "The scope and

24  nature of the trustee's duties are exclusively defined by the

25  deed of trust and the governing statutes," and "[n]o other common

26  law duties exist."  Id.

27         However, a party's "status as a trustee is not itself

28  sufficient to render it a nominal party."  Natividad v. Ocwen

1  Loan Servicing, LLC, Civ. No. 2:14-1670 MCE DAD, 2014 WL 6611054,

2  at *4 (E.D. Cal. Nov. 19, 2014).  A trustee is not considered a

3  nominal party if the plaintiff pleads substantive allegations

4  against and seeks to recover money damages from the trustee.

5  Latino v. Wells Fargo Bank, N.A., Civ. No. 2:11-2037 MCE DAD,

6  2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011).  The Complaint

7  here asserts all causes of action against both Barrett and Wells

8  Fargo jointly.  The Complaint alleges that "each of them, are,

9  and at all times . . . were, the agents, joint venturers,

10  officers, members representatives, servants, consultants or

11  employees of their co-defendants, and in committing the acts

12  herein alleged, were acting within the scope of such affiliation

13  with the knowledge, permission, consent or subsequent

14  ratification of their co-defendants."  (Compl. ¶ 5.)  The

15  Complaint suggests that Barrett and Wells Fargo conspired to

16  include false information in the Notice of Default and to record

17  the Notice of Default while plaintiff's loan modification

18  application was under review.  (See id. ¶¶ 13-40.)

19          Plaintiff's specific allegations of wrongdoing against

20  Barrett include (1) prematurely recording the Notice of Default

21  in violation of California Civil Code section 2923.55, which

22  prohibits a trustee from recording a notice of default until

23  certain specified requirements are met; (2) engaging in "dual

24  tracking" in violation of Civil Code section 2923.6, which

25  prohibits a trustee from recording a notice of default while a

26  borrower's "complete first lien loan modification application is

27  pending"; (3) recording a false declaration attached to the

28  Notice of Default; and (4) engaging in unfair and deceptive

1  business practices with the deliberate intent to injure

2  plaintiff.  (Id. ¶¶ 13-34, 46-51.)  Plaintiff's final claim is

3  brought under California Civil Code section 2924.12(a)(1), which

4  authorizes actions for injunctive relief against a trustee before

5  a deed of sale has been recorded.  (Id. ¶¶ 41-45.)  Plaintiff's

6  prayer for relief against Barrett explicitly seeks compensatory,

7  general, consequential, and incidental damages, restitution of

8  profits, injunctive relief, and declaratory relief.  (Id. at 12-

9  13.)  Because the Complaint pleads substantive allegations

10  against and seeks to recover money damages from Barrett, Barrett

11  is not a nominal party here solely by virtue of its status as

12  trustee.  See Latino, 2011 WL 4928880, at *3.

13          Courts have found similar allegations sufficient to

14  establish that a trustee is not a nominal party and that its

15  citizenship must be considered in ascertaining whether diversity

16  jurisdiction exists.  See, e.g., Dejillo v. Wells Fargo Bank,

17  N.A., Civ. No. 5:15-3080 RMW, 2015 WL 5187344, at *3 (N.D. Cal.

18  Sept. 4, 2015) ("[P]laintiff has alleged that Barrett and Wells

19  Fargo together engaged in acts to improperly initiate

20  foreclosure.  Moreover, plaintiff is seeking monetary damages

21  against Barrett.  Under these circumstances, Wells Fargo has

22  failed to show that Barrett is merely a nominal party."); see

23  also Jenkins, 2015 WL 331114, at *11 & n.65 (collecting cases).

24  Accordingly, Wells Fargo has not met its burden of demonstrating

25  that Barrett is a nominal party and Barrett's citizenship thus

26  cannot be disregarded on this ground.

27  ///

28  ///

1              2.   Fraudulent Joinder

2              Wells Fargo additionally argues that Barrett's

3    citizenship should not be considered because plaintiff

4    fraudulently joined Barrett in an attempt to defeat diversity.

5    There is a "general presumption against fraudulent joinder" and

6    "the party seeking removal bears a heavy burden of proving that

7    the joinder of the in-state party was improper."  Hunter, 582

8    F.3d at 1046 (citation and alterations omitted).  "Joinder of a

9    non-diverse defendant is deemed fraudulent, and the defendant's

10   presence in the lawsuit is ignored for purposes of determining

11   diversity, if the plaintiff fails to state a cause of action

12   against a resident defendant, and the failure is obvious

13   according to the settled rules of the state."  Morris v. Princess

14   Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (internal

15   quotation marks and alterations omitted).  If "there is any

16   possibility that the state law might impose liability on a

17   resident defendant under the circumstances alleged in the

18   complaint, the federal court cannot find that joinder of the

19   resident defendant was fraudulent, and remand is necessary."

20   Hunter, 582 F.3d at 1044 (citation omitted).  "[A] plaintiff need

21   only have one potentially valid claim against a non-diverse

22   defendant."  Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d

23   983, 993 (D. Nev. 2005).

24              "Fraudulent joinder must be proven by clear and

25   convincing evidence."  Hamilton Materials, Inc. v. Dow Chem.

26   Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  The court may find

27   fraudulent joinder only if, "after all disputed questions of fact

28   and all ambiguities in the controlling state law are resolved in

                              13

1    the plaintiff's favor, the plaintiff could not possibly recover

2    against the party whose joinder is questioned." Nasrawi v. Buck

3    Consultants, LLC, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010)

4    (Wanger, J.) (citing Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d

5    1416, 1426 (9th Cir. 1989)).  A case should be remanded unless

6    the defendant shows that the plaintiff would not be afforded

7    leave to amend its complaint in state court to cure any purported

8    deficiencies.  Id. at 1084-85.

9         Wells Fargo argues that Barrett was fraudulently joined

10   because plaintiff has not alleged any viable claims against

11   Barrett and her claims "relate solely to her efforts to obtain a

12   loan modification from Wells Fargo[] and her belief that Wells

13   Fargo violated the Homeowners' Bill of Rights."  (Opp'n at 6.)

14   That is not the case.  As discussed above, the Complaint contains

15   substantive allegations against Barrett and seeks money damages,

16   restitution, and injunctive relief from Barrett.  California's

17   UCL additionally "gives broad grounds for claims on the basis of

18   unfairness." Shears v. Citimortgage, Inc., Civ. No. 2:14-2689

19   TLN DAD, 2015 WL 4393915, at *5 (E.D. Cal. July 15, 2015) (citing

20   Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)).

21        In addition, Wells Fargo has failed to demonstrate that

22   plaintiff would be prohibited from amending her Complaint to

23   address any purported pleading deficiencies.  See Nickelberry v.

24   DaimlerChrysler Corp., Civ. No. C-06-1002 MMC, 2006 WL 997391, *1

25   (N.D. Cal. Apr. 17, 2006) (finding no fraudulent joinder where

26   defendant failed to show that the plaintiff would not be afforded

27   leave to amend her complaint).  Viewed in the light most

28   favorable to plaintiff, therefore, plaintiff has at least one

                                   14

1    potentially valid claim against Barrett here.  See Hunter, 582

2    F.3d at 1044.

3           Other courts have found that a trustee is not

4    fraudulently joined under analogous circumstances.  E.g., Shears,

5    2015 WL 4393915, at *4 ("[T]he Court finds Defendant's position

6    untenable; essentially Defendant is asking this Court to believe

7    that there are no possible circumstances in which [the trustee]

8    could be found liable to Plaintiff.  However, considering the

9    breadth of § 17200, the Court cannot agree."); Dejillo, 2015 WL

10   5187344, at *3 (holding that Barrett was not fraudulently joined

11   because the complaint "at least implie[d] that Wells Fargo and

12   Barrett acted in conspiracy to improperly initiate foreclosure by

13   recording foreclosure documents without providing plaintiff with

14   the required notice and opportunity to cure"); Alabastro v. Wells

15   Fargo Bank, N.A., No. 5:14-CV-03469 EJD, 2015 WL 138235, at *3

16   (N.D. Cal. Jan. 9, 2015) ("The potential for Plaintiff to state a

17   viable claim against [the trustee], although narrow, is enough to

18   raise doubt regarding the propriety of the removal."); see also

19   Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1063-64

20   (C.D. Cal. 2012) (holding that the trustee was not fraudulently

21   joined despite being mentioned once in the 84-page complaint).

22          Wells Fargo relies on California Civil Code section

23   2924(d) to argue that Barrett is immune from liability for

24   performing statutorily-required actions in a non-judicial

25   foreclosure, such as executing and recording foreclosure notices.

26   (Opp'n at 6-7.)  "[C]ourts ordinarily do not consider a non-

27   diverse defendant's defenses on the merits in determining whether

28   that defendant's joinder was fraudulent."  Moore, 2012 WL

1    4433323, at *3.  Where the defendant "must resort to defenses to

2    the merits of the action to demonstrate the defendant was

3    fraudulently named, it cannot be said that the plaintiff's

4    failure to state a claim against the [non-diverse] defendant is

5    'obvious according to the settled rules of the state.'"  D.A. ex

6    rel. Wilson v. McKesson Corp., Civ. No. 1:13-1700 LJO JLT, 2014

7    WL 202738, at *4 (E.D. Cal. Jan. 17, 2014); see also Castle v.

8    Bank of Am., N.A., Civ. No. 15-1657 GW ASX, 2015 WL 1842726, at

9    *2 (C.D. Cal. Apr. 20, 2015) ("It may be that, on the merits,

10   Plaintiff cannot make out a claim against [the trustee], but the

11   Court does not engage in that merits determination simply for

12   purposes of assessing whether subject matter jurisdiction

13   exists.").  Barrett's qualified immunity under Civil Code section

14   2924 therefore does not bear on the question of fraudulent

15   joinder here.

16        In addition, as Wells Fargo acknowledges, Barrett's

17   qualified immunity under section 2924(d) does not apply where

18   there is a showing of malice.  See Kachlon v. Markowitz, 168 Cal.

19   App. 4th 316, 325 (2d Dist. 2008).  In the non-judicial

20   foreclosure context, "malice is defined as actual malice, meaning

21   that the publication was motivated by hatred or ill will towards

22   the plaintiff or by a showing that the defendant lacked

23   reasonable grounds for belief in the truth of the publication and

24   therefore acted in reckless disregard of the plaintiff's rights."

25   Id. at 336 (citations omitted).  Plaintiff here alleges that

26   Barrett's actions "were willful, oppressive, and malicious, in

27   that [it] engaged in acts of unfair competition with the

28   deliberate intent to injure Plaintiff."  (Compl. ¶ 50.)  Courts

16

1   have found similar allegations to be sufficient in precluding a

2   finding of fraudulent joinder based on qualified immunity under

3   Civil Code section 2924.  E.g., Natividad, 2014 WL 6611054, at *5

4   (trustee's joinder was not fraudulent where plaintiff alleged

5   that the trustee acted knowingly and "with oppression, fraud and

6   malice" toward plaintiff); Smith v. Quality Loan Serv. Corp.,

7   Civ. No. S-11-2108 KJM EFB, 2012 WL 202055, at *3 (E.D. Cal. Jan.

8   23, 2012) (allegation that the trustee acted fraudulently was

9   sufficient to overcome the qualified immunity privilege and

10  precluded the conclusion that the trustee was fraudulently

11  joined).  Wells Fargo has thus failed to carry its heavy burden

12  of showing that Barrett's joinder was fraudulent here.  See

13  Moore, 2012 WL 4433323, at *3 (Wells Fargo, in arguing that the

14  trustee's acts were privileged, failed to carry "its heavy burden

15  of showing that the joinder of [the trustee] was fraudulent").

16        Wells Fargo relies on three distinguishable cases to

17  argue that Barrett was fraudulently joined as a defendant.  In

18  Sherman v. Wells Fargo Bank, N.A., Civ. No. S-11-0054 KJM EFB,

19  2011 WL 1833090 (E.D. Cal. May 12, 2011), the court found the

20  trustee was fraudulently joined because (1) the plaintiffs did

21  not allege that the trustee violated any statutory duties it owed

22  to them, and (2) the only factual allegation against the trustee

23  was that the plaintiffs called the trustee "and learned that the

24  trustee's sale had been postponed."  Id. at *2.  Unlike Sherman,

25  plaintiff here alleges that Barrett violated multiple statutory

26  duties owed to her under California Civil Code sections 2923.55,

27  2923.6, 2923.7, and 2924.12.  (Compl. ¶¶ 15-45.)  Plaintiff's

28  Complaint here also contains more than one factual allegation

1  against Barrett.  (See id.)

2         Wells Fargo also relies on Moreno v. Wells Fargo, Civ.

3  No. C-11-05189 EDL, 2011 WL 6372637 (N.D. Cal. Dec. 20, 2011).

4  There, the plaintiffs alleged only two claims against the

5  trustee: "one for violation of California Civil Code section

6  2923.5 and one for violation of California Business and

7  Professions Code section 17200."  Id. at *5.  The court in Moreno

8  found the trustee was fraudulently joined because the plaintiffs

9  failed to show that the trustee "acted as Wells Fargo's agent in

10 connection with obligations under section 2923.5."  Id. at *6-8.

11 The court additionally reasoned that the plaintiffs failed to

12 show that the trustee "did anything in connection with the loan

13 . . . other than record it" or "engaged in any activities that

14 would exempt it from immunity under [California Civil Code

15 section 2924]."  Id. at *7.

16        Unlike Moreno, plaintiff here does not claim that

17 Barrett violated California Civil Code section 2923.5.  She

18 alleges, rather, that Barrett violated Civil Code sections

19 2923.55, 2923.6, 2923.7, and 2924.12.  Moreno did not analyze

20 whether the trustee was fraudulently joined for purposes of the

21 specific claims that plaintiff brings here.  In this case,

22 plaintiff also alleges that Barrett did much more than merely

23 record her loan.  In addition, Moreno did not consider whether

24 the trustee's actions were exempt from immunity because, as here,

25 they were alleged to be "willful, oppressive, and malicious."

26 (Compl. ¶ 50.)  Moreno is therefore distinguishable from the

27 facts of this case and Wells Fargo's reliance upon it is

28 unavailing.

1    Lastly, Wells Fargo cites Marquez v. Wells Fargo Bank,

2    N.A., Civ. No. C-13-2819 PJH (N.D. Cal. Sept. 13, 2013), in which

3    the court denied the plaintiff's motion to remand.  See Sept. 13,

4    2013 Order, Marquez.  There, however, the court found that

5    complete diversity of citizenship existed because the plaintiff

6    was a California citizen and Wells Fargo was a South Dakota

7    citizen.  The court found that the non-diverse trustee did "not

8    appear to have been served" in the action and had "made no

9    appearance" in the district court.  See id. at 1-4, 12.  Since

10   all three of Wells Fargo's cited cases are inapplicable to the

11   instant case, Wells Fargo has failed to meet its heavy burden of

12   showing that Barrett was fraudulently joined as a defendant.

13   Because Barrett was not a nominal defendant at the time

14   of removal and was not fraudulently joined, the court must

15   consider Barrett's citizenship for diversity purposes.

16   Considering Barrett's California citizenship, it is clear that

17   complete diversity is lacking in this case because plaintiff and

18   Barrett are both California citizens.  Accordingly, because the

19   court lacks subject matter jurisdiction, it must grant

20   plaintiff's motion and remand this case to state court.  See 28

21   U.S.C. § 1447(c).[3]

22   D.   Plaintiff's Request for Attorney's Fees and Costs

23   In its motion to remand, plaintiff requests an award of

24   costs and expenses, including attorney's fees, incurred as a

25

26   ───────────────

     [3]   Because the court does not have subject matter

27   jurisdiction for lack of complete diversity, it need not reach
     the question of whether the amount of controversy in this matter

28   exceeds $75,000.  (See Mot. at 9-10.)

                                   19

1  result of removal pursuant to 28 U.S.C. § 1447(c).  (Mot. at 10-

2  11.)  In support of its request, plaintiff simply states that

3  removal was improper and that defendants are "under an obligation

4  not to waste or abuse judicial resources, harass a party to an

5  action, or mislead the court as to the application of law or

6  facts."  (Id.)

7       Section 1447(c) provides, "An order remanding the case

8  may require payment of just costs and any actual expenses,

9  including attorney fees, incurred as a result of the removal."

10  28 U.S.C. 1447(c).  "Absent unusual circumstances, courts may

11  award attorney's fees under § 1447(c) only where the removing

12  party lacked an objectively reasonable basis for seeking

13  removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141

14  (2005).  If "an objectively reasonable basis exists, fees should

15  be denied."  Id.

16       The Court does not find that defendants necessarily

17  lacked an objectively reasonable basis for seeking removal here.

18  As explained above, defendants adequately established the diverse

19  citizenships of plaintiff and Wells Fargo.  Although the court

20  disagrees with defendants' argument that Barrett's citizenship

21  must be disregarded, that argument is not entirely frivolous.  As

22  noted above, defendants who have filed declarations of non-

23  monetary status are often treated as nominal defendants.

24  Defendants were not completely unreasonable in seeking to rely on

25  such a declaration to establish Barrett's nominal party status

26  here.  Nor is the argument that Barrett's citizenship can be

27  disregarded under the fraudulent joinder doctrine totally

28  untenable based on this circuit's relevant case law.  And

1 plaintiff has not shown here that defendants removed this action

2 in bad faith or for the purpose of delay.  No award of costs or

3 fees is therefore justified.  Accordingly, plaintiff's request

4 for costs and fees is denied.

5     E.    <u>Defendants' Motion to Dismiss</u>

6     Because this case is remanded to state court,

7 defendants' motion to dismiss is hereby denied as moot.

8     IT IS THEREFORE ORDERED that:

9     (1) plaintiff's motion to remand, (Docket No. 10), be,

10 and the same hereby is, GRANTED.  This action is hereby REMANDED

11 to the Superior Court of the State of California, in and for the

12 County of Yuba;

13     (2) plaintiff's request for attorney's fees and costs

14 under 28 U.S.C. § 1447(c) be, and the same hereby is, DENIED; and

15     (3) defendants Wells Fargo Bank, National Association

16 and Barrett Daffin Frappier Treder & Weiss, LLP's motion to

17 dismiss, (Docket No. 5), be, and the same hereby is, DENIED as

18 moot.

19     IT IS SO ORDERED.

20 Dated:  June 2, 2016

21                WILLIAM B. SHUBB

               UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28